# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia, Plaintiff Below,
Respondent**

**vs) No. 12-0812** (Pocahontas County 11-M-AP-02 & 03)

**Jerome E. Heinemann, Defendant Below,
Petitioner**

**FILED**

May 24, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

### MEMORANDUM DECISION

Petitioner's pro se appeal arises from the Circuit Court of Pocahontas County, wherein the circuit court ordered petitioner to pay court costs of $260.80 and $170.80 for his convictions of driving on a suspended license and driving with an expired registration, respectively, plus the costs of appeal by order entered June 6, 2012. The State, by counsel Andrew D. Mendelson, has filed its response, to which petitioner has filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 18, 2010, petitioner was issued citations for driving a motor vehicle while his license was suspended and for driving a motor vehicle with an expired vehicle registration. These citations were issued subsequent to a traffic stop by Pocahontas County Sheriff David Jonese. A bench trial was held in magistrate court in May of 2011, after which petitioner was found guilty of both charges. According to the State, petitioner was fined $100 and assessed $160 in court costs for his conviction of driving on a suspended license, and was fined $10 and assessed $160 in court costs for his conviction of driving with an expired registration. Petitioner filed timely appeals of these convictions to the circuit court and a bench trial was held on April 11, 2012. The circuit court ultimately ordered petitioner to pay court costs of $260.80 and $170.80 for his convictions of driving on a suspended license and driving with an expired registration, respectively, plus the costs of appeal.

On appeal, petitioner alleges three assignments of error. First, he alleges that the circuit court erred in failing to address his contention that someone who has been elected sheriff with no training at an approved law-enforcement training academy cannot carry out the same duties as a state trooper or deputy sheriff. According to petitioner, West Virginia Code § 30-29-1 states that civilians who are elected as sheriff but not duly trained in law enforcement are relegated to

1

administrative duties. As such, he argues that because the sheriff in this matter lacked the requisite training, he also lacked the authority to initiate a traffic stop. Further petitioner alleges that, in testifying to his alleged training in both magistrate and circuit courts, Sheriff Jonese provided conflicting testimony as to the training he received and the methods by which he attempted to estimate petitioner's speed at the time of the traffic stop. However, petitioner asserts that there is no transcript of the magistrate court proceedings and he is therefore at a disadvantage in regard to the sheriff's testimony. Further, petitioner alleges that the circuit court erred in finding that the State provided evidence of probable cause for the traffic stop because the sheriff himself admitted that speeding was used as a pretext to make the stop in order to generate revenue. Additionally, petitioner argues that no evidence of speeding was ever presented because the sheriff only estimated his speed. Lastly, petitioner alleges that the circuit court erred in failing to address the issue that speeding was merely a pretext to initiate a traffic stop in order to generate revenue. Petitioner argues that because of this issue and a lack of probable cause, all subsequent evidence gathered during the traffic stop should have been excluded.

We have previously held that

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Com'n*, 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl., *State v. Maisey*, 215 W.Va. 582, 600 S.E.2d 294 (2004). Upon our review, the Court finds no merit to petitioner's assignments of error. Petitioner's main contention is that the sheriff who initiated the traffic stop at issue did not have the requisite training to do so. However, nothing in the record shows that the circuit court abused its discretion in finding that "the sheriff has been trained in estimating the speed of a vehicle and provided a certification of his training and testimony as to that estimation training." Further, the record is devoid of evidence that the circuit court abused its discretion in finding that there was probable cause that petitioner was exceeding the posted speed limit. While petitioner argues that both he and his wife provided contradictory testimony regarding their speed, the Court notes that

> "[a] reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations." *Michael D.C. v. Wanda L.C.*, 201 W.Va. 381, 388, 497 S.E.2d 531, 538 (1997); *accord Gum v. Dudley*, 202 W.Va. 477, 484, 505 S.E.2d 391, 398 (1997).

*Webb v. W.Va. Bd. of Med.*, 212 W.Va. 149, 156, 569 S.E.2d 225, 232 (2002).

For the foregoing reasons, the circuit court's order is hereby affirmed.

Affirmed.

**ISSUED**: May 24, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II